DANIEL R. WIDDISON (11979)
Assistant Utah Attorney General
DEREK E. BROWN (10476)
Utah Attorney General
160 East 300 South, 6th Floor
PO Box 140856
Salt Lake City, UT 84114-0856
Telephone: (801) 230-8529
Facsimile: (801) 366-0101
E-mail: dwiddison@agutah.gov
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH SOUTHERN DIVISION

| | |
|---|---|
| CHRISTINE E. CHEW,<br><br>　　　Plaintiff,<br><br>v.<br><br>UTAH TECH UNIVERSITY,<br><br>　　　Defendants. | **MOTION TO DISMISS**<br><br>Case No. 4:24-cv-00059<br><br>Judge Ann Marie McIff Allen |

Defendant, Utah Tech University, by and through counsel, Daniel Widdison, Assistant Utah Attorney General, hereby moves this court pursuant to Rules 7 and 12(b)(1) of the Federal Rules of Civil Procedure to dismiss the complaint (Dkt. 1) in its entirety for lack of jurisdiction.

**MOTION**

Utah Tech University moves to dismiss this case for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) as the University is an arm of the state and entitled to Eleventh Amendment Immunity.

## STATEMENT OF UNDISPUTED FACTS

1. Plaintiff was employed as a Tenured Associate Professor in the Department of Psychology at Utah Tech University from August 2011 to July 2022. Dkt. 1, ¶ 7.

2. Utah Tech University is an institution of public education, created by the Utah Legislature. Utah Code § 53B-2-101(1)(f).

3. Utah Tech University is overseen by the Utah Board of Higher Education. Utah Code § 53B-1-402.

## ARGUMENT

Plaintiff's claims are barred by Eleventh Amendment immunity. The Supreme Court has held that congress has not abrogated state immunity with respect to the Family Medical Leave Act. As outlined below, Utah Tech University is an arm of the state entitled to Eleventh Amendment protections, including barring claims brought under the FMLA. Accordingly, the complaint must be dismissed for lack of subject matter jurisdiction.

I. Congress has not abrogated state's immunity from suit in federal court under the FMLA.

A state government or arm thereof is entitled to Eleventh Amendment immunity where a party seeks money damages directly from the state. *See Cornforth v. Univ. of Oklahoma Bd. of Regents*, 263 F.3d 1129, 1132 (10th Cir. 2001), citing *Buchwald v. Univ. of N.M. Sch. of Med.,* 159 F.3d 487, 494 n.3 (10th Cir.1998); *Johns v. Stewart,* 57 F.3d 1544, 1552 (10th Cir.1995). Thus, for money damages against the state to be available, congress must abrogate the state's immunity.

In the case of the FMLA, congress has not abrogated state's Eleventh Amendment immunity. *Coleman v. Ct. of Appeals of Maryland*, 566 U.S. 30, 37, 132 S. Ct. 1327, 1334, 182 L. Ed. 2d 296 (2012) ("Standing alone, the self-care provision is not a valid abrogation of the States' immunity from suit.") Accordingly, Plaintiff's FMLA claims cannot proceed if they are asserted against the state or an arm of the state.

II. Utah Tech University is an arm of the state.

At issue here, Utah Tech University is a public institution of higher education established by statute passed by the legislature and overseen directly by the State of Utah through the Utah Board of Higher Education. *See* § 53B-2-101(1)(f). The Tenth Circuit has consistently held that state higher education institutions are arms of the state. *See GeoMetWatch Corp. v. Behunin*, 38 F.4th 1183, 1228 (10th Cir. 2022) (holding a subsidiary of Utah State University was an arm of the state as part of the university); *Watson v. Univ. of Utah Med. Ctr.*, 75 F.3d 569, 577 (10th Cir. 1996) (holding a hospital housed within a university is an extension of the university and an arm of the state); *Kirby v. S. Utah Univ.*, No. 2:15-CV-00022-DB-DBP, 2015 WL 9999213, at *1 (D. Utah Jan. 14, 2015), report and recommendation adopted, No. 2:15-CV-00022-DB-DBP, 2016 WL 447606 (D. Utah Feb. 4, 2016) (holding that Southern Utah University is entitled to the same immunity as the University of Utah in *Watson*).

Utah Tech University is established and operated under the same statutory and regulatory framework as other universities in Utah that have been held to be an arm of the state. Accordingly, Utah Tech University is also entitled to the same immunity from claims for money damages arising from the individual care section of the FMLA.

3

As Utah Tech University is immune from the claims asserted, the complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests dismissal of the complaint for lack of subject matter jurisdiction.

RESPECTFULLY SUBMITTED THIS 14th day of February, 2025.

OFFICE OF THE UTAH ATTORNEY GENERAL


/s/ *Daniel R. Widdison*
DANIEL R. WIDDISON
Assistant Utah Attorney General
*Attorney for Defendants*


## CERTIFICATE OF MAILING

Pursuant to Utah R. Civ. P. 5(b)(1)(A)(i), I certify that on this 14th day of February, 2025, I served the foregoing **MOTION TO DISMISS** on the following by using the Court's electronic filing system. I also certify that a true and correct copy of the foregoing was placed in outgoing, United States mail, postage prepaid, to the following:

Marcus B. Smith
201 West Tabernacle Street
St. George, UT 84770
marcus.bret.smith@gmail.com


/s/ *Arielle Schmidt*

4

2015 WL 9999213
Only the Westlaw citation is currently available.
United States District Court, D. Utah, Central Division.

Celeste KIRBY, Plaintiff,
v.
SOUTHERN UTAH UNIVERSITY, Defendant.

Case No. 2:15–cv–00022–DB–DBP
|
Signed January 14, 2015

**Attorneys and Law Firms**

Celeste Kirby, Salt Lake City, UT, pro se.

Meb W. Anderson, Salt Lake City, UT, for Defendant.

REPORT AND RECOMMENDATION

Dustin B. Pead, United States Magistrate Judge

**I.** *Introduction*

*1 This case was referred to the court pursuant to 28 U.S.C. 636(b)(1)(B). (ECF No. 11.) Plaintiff Celeste Kirby seeks to recover damages for alleged discrimination under the Americans with Disabilities Act ("ADA"). (ECF No. 3.) This matter is presently before the court on Defendant's Motion to Dismiss. (ECF No. 10.) Plaintiff did not file an opposition to the motion, which was submitted for decision on August 5, 2015. (ECF No. 12.)

**II.** *Analysis*

**a. Pro se plaintiff**

A pro se litigant's pleadings are to be construed liberally. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). Nonetheless, "the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues." Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir.1991).

**b. Defendant's Motion to Dismiss**

Defendant argues that it is entitled to dismissal because it is immune from suit under the Eleventh Amendment to the United States Constitution. (*See* ECF No. 10 at 2–3.) Defendant cites Watson v. Univ. of Utah Med. Ctr., 75 F.3d 569, 575 (10th Cir.1996), in support of its claim of sovereign immunity. In *Watson,* the Tenth Circuit concluded that the University of Utah was entitled to Eleventh Amendment immunity because that institution was an "arm of the state." *Id.* The court so found because the University is governed by the State Board of Regents pursuant to the Utah Code. *Id.* (citing Utah Code Ann. §§ 53B–1–101; 63A–4–103). A review of the Utah Code reveals that Defendant is subject to the same statutory scheme. *See* Utah Code Ann. § 53B–1–102(1)(b) & (e) (defining the University of Utah and Southern Utah University as part of the state's system of higher education). The *Watson* court noted that the Tenth Circuit has "consistently found state universities are arms of the state." *Watson* at 575. While states may waive immunity, the state of Utah has not waived immunity from suit in this circumstance. *See* Utah Code Ann. § 63G–7–301.

Also, Congress can modify operation of the Eleventh Amendment through legislation enacted pursuant to the Fourteenth Amendment, such as 42 U.S.C. § 1983. *See* Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989) ("Congress has ... undoubted power under § 5 of the Fourteenth Amendment to override that immunity....") Yet, the U.S. Supreme Court indicated that 42 U.S.C. § 1983 did not override a state's sovereign immunity as it pertains to suits against state entities, or to recover money damages from state actors in their official capacity. The statute only permits suits against a "person," but "[n]either the state, nor a governmental entity that is an arm of the state for Eleventh Amendment purposes, nor a state official who acts in his or her official capacity, is a 'person' within the meaning of § 1983." Harris v. Champion, 51 F.3d 901, 905–06 (10th Cir.1995) (citing *Will*). Here, Plaintiff seeks only money damages against Defendant, an arm of the state. Accordingly, Congress has not altered Eleventh Amendment immunity in a way that would permit the present suit.

*2 Next, Defendant argues that it enjoys discretion in making academic judgments. The court finds it imprudent to reach this argument given its conclusions above, coupled with the fact-intensive nature of that inquiry.

Moreover, Plaintiff apparently has no objection to dismissal of this lawsuit. The court takes judicial notice of a filing made in a separate case filed by Plaintiff in this District. *See Kirby v. Larson et al.,* Case. No. 15–602 (D.Utah. Aug. 25, 2015). In that case, Defendant's counsel attached to a motion a copy of an August 8, 2015 email in which Plaintiff indicates she "will allow defendant to dismiss and will pursue legal action

Case 4:24-cv-00059-AMA-PK   Document 15   Filed 02/14/25   PageID.37   Page 6 of 6

Kirby v. Southern Utah University, Not Reported in Fed. Supp. (2015)

against the individuals involved." *Id.* at ECF No. 13, Ex. 1.) It is unclear why counsel did not notify this court in August of the email.

Based on the foregoing, the Court **RECOMMENDS GRANTING** Defendant's Motion to Dismiss and dismiss the claims against Defendant with prejudice. [1]

### III. RECOMMENDATION

For the reasons set forth above, this Court **RECOMMENDS** that the District Court:

**GRANT** Defendant's Motion to Dismiss Complaint. (ECF No. 10.)

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14)** days of being served with a copy, any party may serve and file written objections. *See* Fed.R.Civ.P. 72(b)(2). Failure to object may constitute a waiver of objections upon subsequent review.

**All Citations**

Not Reported in Fed. Supp., 2015 WL 9999213

---

**Footnotes**

1   *See Lybrook v. Members of Farmington Mun. Sch. Bd. of Educ.,* 232 F.3d 1334, 1341–42 (10th Cir.2000) (holding that dismissal with prejudice is permissible on a successful motion to dismiss based on qualified immunity).

---

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.